71525. WANLESS v. WINNER'S CORPORATION.
(341 SE2d 250)

McMURRAY, Presiding Judge.

This lawsuit arises from an automobile collision which occurred on March 24, 1983, in Snellville, Georgia. Plaintiff Shirley Elizabeth Wanless, a seven-week-old infant, was severely injured in the collision. (Plaintiff subsequently died. The death of plaintiff has been suggested upon the record in this court.) At the time of the collision, plaintiff was a passenger in a Triumph TR-6 automobile driven by her father. The Triumph, a two-seater automobile, was also occupied by plaintiff's mother and sister. Plaintiff's father sat in the driver's seat; her mother occupied the passenger seat; and her sister was placed on the floor of the car behind the two seats. Plaintiff sat in her mother's lap. None of the passengers wore a seat belt or a restraining device.

Plaintiff's mother was on her way to work. She was employed as an assistant manager at one of defendant's fast-food restaurants. She was being driven to work by her husband because the roads around her house were covered with ice and snow. Plaintiff's parents owned two larger vehicles (a Toyota sedan and a Ford pick-up truck). Nevertheless, they opted to use the smaller Triumph. Although plaintiff's father was driving very slowly, the Triumph skidded on a patch of ice, crossed the centerline of the road, and collided with an automobile driven by Kathy Ann Huber. Ms. Huber was not named as a defendant in this action. Rather, suit was brought solely against the employer of plaintiff's mother.

The complaint alleged that on the day in question plaintiff's mother told her supervisor, the manager of defendant's restaurant, that she was unable to go to work because a snowstorm made highway conditions dangerous; that defendant's manager responded that plaintiff's mother "must report for work and that her failure to come to work would result in the termination of her employment"; that plaintiff's mother advised her supervisor that if she was required to

go to work "it would be necessary for her to be transported by her husband . . . and that her minor children, including [plaintiff], would be passengers in the vehicle, as they could not be left alone at home"; that the supervisor was aware of the hazardous road conditions caused by the snowstorm but, nevertheless, he "required [plaintiff's mother] to expose herself and her minor children to such hazards by threatening to terminate her employment if she did not report for work"; that the family attempted to drive to defendant's place of business when they were involved in the automobile collision; that plaintiff suffered severe and disabling injuries as a result of the collision; and that defendant's negligent conduct was the proximate cause of plaintiff's injuries. Defendant answered the complaint and denied the material allegations therein. Thereafter, defendant moved for summary judgment.

In a supporting affidavit, defendant's manager averred that plaintiff's mother called him on March 24, 1983, and told him she would be late; that he responded that that was all right but she should get to work as soon as she could; that plaintiff's mother did not tell him about road conditions in her area; that she did not mention any special hazard; and that she did not tell him she planned to travel with her children in a two-seat sports car known as a TR-6. Furthermore, defendant's manager denied telling plaintiff's mother that she would be terminated if she did not report to work.

Via deposition, plaintiff's mother deposed that she told her supervisor that road conditions were hazardous and that he responded that conditions were not "that bad" near the restaurant. She continued: "And then I went on to tell him that it wasn't so much myself that I was worried about but it was my kids because they would have to come out with me and there was sort of a pause and that's when he said come in or else." Plaintiff's mother admitted that she did not tell her supervisor that her entire family would be travelling in a two-seater automobile; that plaintiff would be sitting in her lap; and that no safety restraints would be used.

Based on the foregoing, the trial court granted defendant's motion for summary judgment. This appeal followed. *Held*:

1. "On a motion for summary judgment, the evidence must be construed most strongly against the movant, and the party opposing the motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case. *Buchanan v. Georgia Boy Pest Control Co.*, 161 Ga. App. 301 (287 SE2d 752) (1982). The moving party has the burden of negating at least one of the essential elements of the opponent's case and of establishing that no genuine issues of material fact remain. *Shirley v. Bacon*, 154 Ga. App. 203 (267 SE2d 809); *Lawrence v. Gardner*, 154 Ga. App. 722 (270 SE2d 9) (1980)." *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38).

2. "As a general proposition, issues of negligence, diligence, contributory negligence, proximate cause, and lack of ordinary care for one's own safety are not susceptible to summary adjudication but must be generally resolved by a jury except in plain, palpable and indisputable cases where reasonable minds could not disagree. [Cits.]" *North v. Toco Hills, Inc.*, 160 Ga. App. 116, 119 (286 SE2d 346). See *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465). We think the legal situation in the case sub judice is susceptible to summary adjudication.

3. "In order to recover in this case it must be made to appear, that not only was the defendant negligent in one or more of the ways alleged in the petition, but also that such negligence, if any, resulted in, as the proximate cause thereof, the injuries complained of. If the injuries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent wrongful act or omission, if any, would not be the proximate cause of the injury complained of. If the injury could not be reasonably anticipated as the probable result of an act of alleged negligence, such act is either a remote cause or no cause.

"It is stated in *Logan v. Cincinnati &c. R. Co.* (Ky. App.), 129 S.W. 575, 577, as follows: ' "A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." Thompson on Negligence, § 2.' " *Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga. App. 711, 715 (26 SE2d 545).

In our view, the alleged negligence on the part of defendant did not proximately cause the injuries which plaintiff suffered. The conduct of defendant could have done nothing more than give rise to the occasion which made plaintiff's injuries possible. Other circumstances preponderated in causing plaintiff's injuries. Accordingly, defendant's conduct was, at best, a remote cause of plaintiff's injuries. See OCGA §§ 51-12-8; 51-12-9.

4. The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 31, 1986 —
REHEARING DENIED FEBRUARY 12, 1986 —

*H. Sanders Carter, Jr., Malcolm C. McArthur, David G. King,* for appellant.
*W. Wray Eckl, Hall F. McKinley III,* for appellee.