### 73425. SISSON v. DOUGLAS COUNTY SCHOOL DISTRICT et al.
(351 SE2d 272)

BIRDSONG, Presiding Judge.

Rodney Sisson, plaintiff below, brings this appeal from the grant of summary judgment to defendants, the Douglas County School District and Charles Warnock, the principal of the Lithia Springs High School. Sisson, a student at Lithia Springs High School, entered the school on the morning of November 7, 1982, through the gymnasium

entrance. It had been raining and was misting at the time Sisson entered the building. Sisson saw water running down the walkway to the building entrance and after entering the building saw a large puddle of water just inside the entranceway. There was no mat and the floor was made of concrete or tile. He remembered that his shoes "squeeked [sic] all the way across, my shoes were screaching [sic]." He was carrying a school project in one hand. When he came to the top of the stairs leading down, he slipped and fell on the top step and bounced on his back all the way to the bottom. He was severely injured in the fall, and required hospitalization and surgery.

He brought his complaint against the School District and the school principal alleging defendants breached their duty to warn him of the hazard, failed to provide mats or other means for students to clean and dry their feet on days with inclement weather, failed to install a handrail on the flight of stairs down which plaintiff fell, and failed to correct this dangerous condition in total disregard of his safety, so as to constitute wilful and wanton conduct on the part of defendants. Plaintiff also alleged that defendants "conspired to cause, or assisted in causing, plaintiff to attend Lithia Springs High School under color of law" and "by their lack of action, violated plaintiff's constitutional rights to life and pursuit of happiness by reducing his mobility and earning ability due to injuries sustained through defendants' wilful and wanton disregard of his health and well-being and total negligence of their duties" and subjected themselves to liability under 42 USCA § 1983. Following discovery, defendants filed for and were granted summary judgment. Plaintiff brings this appeal. *Held*:

1. Plaintiff contends the trial court erred "in holding that there was no evidence of defendants' wilful and wanton actions and that therefore sovereign immunity shielded the defendants. . . ."

The doctrine of sovereign immunity is recognized in this state (*Crowder v. Dept. of State Parks*, 228 Ga. 436 (1) (185 SE2d 908)) and it applies to political subdivisions of the state, including counties (*Miree v. United States*, 242 Ga. 126 (1) (249 SE2d 573)) and boards of education (*Sheley v. Bd. of Public Education*, 233 Ga. 487 (212 SE2d 627)). The operation of a school is a governmental function and the care and control of school property is the responsibility of the local school board. *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878).

There is no question of governmental immunity of the board of education but there can be an issue as to whether such immunity extends to an agent of the board carrying out its duties in exercising custody and control over the school premises. Id. at 330. At common law public officers were held personally liable for their torts but a different rule prevails where an officer or agent of the state is sued in his official capacity or where such officers or agents are sued for acting in

areas where they are vested with discretion and are empowered to exercise their judgment in matters within the scope of their authority. Id. at 330.

"It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption." Partain v. Maddox*, 131 Ga. App. 778, 781-782 (206 SE2d 618). Where public officials "are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen." *City of Atlanta v. Holliday*, 96 Ga. 546 (1) (23 SE 509). Such discretionary acts "lie midway between judicial and ministerial ones . . . and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability." *Hennessy*, supra at 331; accord *Nelson v. Spalding County*, 249 Ga. 334, 336 (290 SE2d 915).

The facts of the instant action allege that the principal and the school board allowed a condition to exist, under the supervision of the principal, and that he failed to use sound judgment to remedy the situation which they considered to be a hazardous condition. Therefore, the act or failure to act was discretionary. *Hennessy*, supra at 332. In the exercise of discretionary duties, the doctrine of sovereign immunity acts to shield the defendants in the absence of evidence that such acts were wilful, malicious, or corrupt. *Nelson*, supra at 337. In this case, there is a total absence of any evidence that the acts, or failure to act by the principal were wilful, malicious, or corrupt. *Truelove v. Wilson*, 159 Ga. App. 906 (4) (285 SE2d 556); *Holloway v. Dougherty County School System*, 157 Ga. App. 251 (277 SE2d 251).

2. Plaintiff argues that the trial court erred in granting summary judgment to defendants on his "claim under 42 USCA § 1983," which provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws shall be liable to the party injured. . . ." To state a claim under this section a plaintiff must prove that defendants deprived him of a constitutional right while acting under color of

state law or custom. *Davis v. City of Roswell*, 250 Ga. 8, 9 (295 SE2d 317). Plaintiff alleges he was denied a property right without due process of law, because under Georgia law "no state remedy exists" for a party injured by the acts of a county employee.

A cause of action is a species of property protected by the Fourteenth Amendment's due process clause. *Logan v. Zimmerman Brush Co.*, 455 U. S. 422, 428 (102 SC 1148, 71 LE2d 265). The Supreme Court has interpreted the Fourteenth Amendment's due process clause as preventing the states from denying potential litigants the use of established adjudicatory procedures when such action would be "the equivalent of denying them an opportunity to be heard upon their claimed right[s]." Id. at 430. However, the states remain free to create substantive defenses or "immunities," (see Division 1, infra) or to eliminate its statutorily created causes of action altogether. Id. at 432. Hence, it is acknowledged that a state may statutorily grant absolute immunity to public employees from liability when acting under color of state law as an integral part of its statutory scheme of tort law. Id. at 432. Arguably, as contended by the present plaintiff, such immunity deprives a tort victim of a protected property interest. However, such tort victims "were not thereby deprived of property without due process, just as a welfare recipient is not deprived of due process when the legislature adjusts benefit levels. [Cits.] In each case, the legislative determination provides all the process that is due [cit.]; it remain[s] true that the State's interest in fashioning its own rules of tort law is paramount to any discernible federal interest, except perhaps an interest in protecting the individual citizen from state action that is wholly arbitrary or irrational. [Cit.] Indeed, as was acknowledged in *Martinez* [*v. California*, 444 U. S. 277 (100 SC 553, 62 LE2d 265)], it may well be that a substantive immunity defense, like an element of the tort claim itself, is merely one aspect of the State's definition of that property interest." Id. at 432.

There is no segment of the Fourteenth Amendment's due process clause that protects potential claimants against *all* deprivations of life, liberty, or property by the State. *Parratt v. Taylor*, 451 U. S. 527, 537 (101 SC 1908, 68 LE2d 420). "The Fourteenth Amendment protects only against deprivations 'without due process of law.' " Id. In the instant case, the legislature has provided due process of law in its consideration of potential claims during enactment of the state's overall tort scheme of law. Potential claimants have the remedy of a tort action against a county employee, for his discretionary acts, when acting within the scope of his employment, under color of law or custom, when such acts are done wilfully, maliciously, or corruptly. *Truelove*, supra; *Holloway*, supra; *Nelson*, supra; see also *Poss v. Moreland*, 253 Ga. 730 (324 SE2d 456).

In the case at the bar, there was no evidence a wilful, malicious,

or corrupt act, or that the failure to act, was the result of an intentional and deliberate act of defendants, and there was no deprivation of any constitutional right of the plaintiff, without due process of law. Thus, the trial court did not err in granting summary judgment for defendants.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 1, 1986.

*Charles M. Gisler*, for appellant.
*G. Randall Moody, Arthur H. Glaser*, for appellees.