A89A2263. LEWIS v. McDOWELL.
(390 SE2d 605)

BIRDSONG, Judge.
Beverly Lewis appeals from the grant of summary judgment to Ed O. McDowell in her wrongful death action against him based upon

the death of her seven-year-old son, Marshall Lewis, Jr. Her son was crossing a street on his way home from school following a school outing when he was struck by a car and died. Lewis sued the driver of the car, the Bibb County Board of Education and McDowell. McDowell is the principal of the elementary school her son attended.

Lewis' complaint alleged that McDowell, at all times material to the complaint, was in charge of the faculty and students at the school, was an agent of the Bibb County Board of Education, and the board, by and through McDowell, "negligently failed to provide responsible adult supervision for" her son, and that "if there had been adult supervision to assist [her son] in crossing the . . . highway" her son would not have died. The complaint does not allege that McDowell acted with wilfulness, malice or corruption, or that he was acting outside the scope of his authority.

Pursuant to its claim of sovereign immunity, the board of education, properly the Board of Public Education & Orphanage for Bibb County, was granted summary judgment on Lewis' claims against it and final judgment entered for the board. The board's motion contended that it was entitled to summary judgment because it had not waived sovereign immunity by obtaining liability insurance coverage or otherwise. The board is not a party to this appeal. The case remained pending, however, against McDowell and the driver of the car.

McDowell moved for summary judgment claiming official immunity barred the claims against him. The motion contended that his actions were taken within the scope of his discretionary authority as principal of the school and agent of the board of education and that his actions were without wilfulness, malice, or corruption. Further his motion contended that the board of education had not waived its sovereign immunity by purchasing liability insurance coverage or otherwise.

Lewis' response to the motion contended that there were questions concerning the material facts in the case. The response was supported by legal argument in her brief, but was not supported by affidavits or other evidentiary materials.

The trial court granted summary judgment to McDowell, and Lewis filed a direct appeal from that order. She contends that the trial court erred in granting summary judgment because McDowell had waived his immunity defense by obtaining liability insurance, his actions were ministerial rather than discretionary, and there was a genuine issue whether he was negligent in the exercise of those duties. *Held*:

1. McDowell has moved to dismiss the appeal because he contends that the grant of summary judgment was not a final judgment since the case remains pending against the driver. Hence he argues that before an appeal may be taken there must be a determination by

the trial court under OCGA § 9-11-54 (b) or Lewis must make application for interlocutory appeal under the procedures in OCGA § 5-6-34 (b). This argument overlooks the provisions of OCGA § 9-11-56 (h) which specifically authorize a direct appeal from the grant of summary judgment against a party. Accordingly, the motion is denied.

2. Pretermitting consideration of Lewis' argument regarding a waiver of sovereign immunity by McDowell's purported purchase of liability insurance is the fact that the record of this case is void of evidence showing that McDowell purchased liability insurance. Apparently, Lewis would have us infer that there is liability insurance because McDowell objected to her discovery about such coverage, but we cannot do so. If Lewis intended to advance this argument, it was incumbent upon her to obtain the evidence necessary to support her contention or from which we could reasonably make such inference, and make it a part of the record. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603-604 (203 SE2d 173). She did not do this, and we cannot speculate what insurance, if any, might be available, and what the coverage, if any, might be. Moreover, factual allegations in the briefs of parties, not supported by the record, cannot be considered. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (366 SE2d 223). Accordingly, there is no factual basis in the record for the legal arguments made, and thus, the first enumeration of error is without merit.

3. Lewis' second and third enumerations of error contend that McDowell is not entitled to assert the defense of sovereign immunity because the actions she complains of were ministerial duties, not discretionary, and there is a question of fact whether he was negligent in performing these duties. McDowell contends, however, that he is entitled to assert the defense of official immunity because the actions complained of were discretionary acts performed in the exercise of his authority as principal of the school and because they were without wilfulness, malice or corruption. *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878). He supported these contentions with his affidavit and relied on the affidavit filed in support of the board of education's motion for summary judgment stating that the board did not obtain liability insurance. Lewis did not rebut his contention that the acts were performed within his scope of authority, and on appeal has not contended that his actions were done with wilfulness, malice or corruption.

Accordingly, the issue presented for our consideration is whether McDowell's actions were discretionary or ministerial. Review of Lewis' arguments shows that she does not allege that McDowell himself negligently supervised her son, but that his decision, i.e., his exercise of judgment, regarding the means used to supervise the children was negligence. Such decisions are discretionary, not ministerial. *Hennessy v. Webb*, supra; *Sisson v. Douglas County School Dist.*, 181 Ga.

App. 77 (351 SE2d 272); *Truelove v. Wilson*, 159 Ga. App. 906 (285 SE2d 556); *Holloway v. Dougherty County School System*, 157 Ga. App. 251 (277 SE2d 251). We do not find persuasive the authorities to the contrary cited by Lewis from foreign jurisdictions.

Accordingly, McDowell was entitled to the defense of official immunity and this defense precludes consideration of the issue whether McDowell was negligent in the performance of his duties. Therefore, Lewis' second and third enumerations of error are also without merit, and the trial court properly granted summary judgment to McDowell.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 10, 1990 —
REHEARING DENIED FEBRUARY 7, 1990.

*Berlin & Hodges, Robert A. Berlin*, for appellant.
*Joseph H. Chambless*, for appellee.

