A90A0665. JOYCE v. VAN ARSDALE et al.
(395 SE2d 275)

SOGNIER, Judge.

Effie Marie Joyce brought suit against the Emanuel County Board of Commissioners and two county employees, Sam Van Arsdale and Carlee Grimes, to recover for property damage and personal injuries sustained when her car collided with a dismantled barricade in a county road. Joyce appeals from the summary judgment awarded to Van Arsdale and Grimes.

The material facts are not in dispute. The record reveals that after its periodic inspection of Emanuel County highway bridges, the Georgia Department of Transportation (DOT) advised the County that because of the condition of certain county bridges, federal regulations mandated that federal highway funds would no longer be transferred to the County unless the bridges were closed or repaired within ninety days. In response, the Board of Commissioners instructed appellee Van Arsdale, the County Road Superintendent, to take the necessary steps to close certain bridges, including the one near the intersection of highways 77 and 79. Van Arsdale then delegated the responsibility for closing the bridges and placing appropriate signs and barricades to appellee Grimes, who was the Assistant Road Superintendent and supervisor of a work crew. Grimes and his crew constructed a barricade of bridge timbers and posted "bridge closed" signs along the highway. Appellant was injured when she drove her automobile across the bridge and hit the barricade, veered off the roadway and into a tree, and overturned. Grimes stated in answer to appellant's interrogatories that the barricade and sign had been tampered with and partially dismantled by unknown persons.

The trial court concluded that appellees were entitled to the defense of sovereign immunity available to the County because the County's participation in an interlocal risk management agency program (IRMA) did not constitute the provision of liability insurance which under Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution

would constitute a waiver of sovereign or official immunity, and because of this court's decisions concerning discretionary and ministerial acts for county employees issued prior to the Supreme Court's ruling in *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990).

We agree with appellant that the distinction between discretionary and ministerial acts remains viable for county employees, as the Supreme Court recently ruled in *Logue* that even if a county has not waived sovereign immunity by the purchase of insurance, a county employee nonetheless may be held liable for the negligent performance of a ministerial act. Conversely, if the employee acted in his official capacity and the challenged act involved the performance of a discretionary duty, the employee is entitled to the defense of official immunity provided the act complained of was not malicious, wilful, or corrupt, or done in reckless disregard for the safety of others. Id. at 207. Given that the trial court's conclusion in the case at bar that the County had not waived its immunity through the purchase of insurance is not disputed on appeal, the propriety of the grant of summary judgment turns on whether appellees' acts were discretionary or ministerial.

"[W]here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability. . . . These discretionary acts lie midway between judicial and ministerial ones. . . . and the question depends on the character of the act." (Punctuation omitted.) *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980). " 'Under this standard it makes no difference that the official is required to perform discretionary acts if the complained-of act is more properly characterized as ministerial. . . . The single overriding factor is whether the specific act from which liability allegedly arises is discretionary or ministerial.' [Cit.]" *Shuman v. Dyess*, 175 Ga. App. 213, 216 (333 SE2d 379) (1985). "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Miree v. United States*, 490 FSupp. 768, 774 (ND Ga. 1980) (quoted with approval in *Shuman*, supra at 216).

The record reveals that appellee Van Arsdale was directed by the county commission to comply with the DOT's request to close the bridge. He in turn delegated to appellee Grimes the task of selecting the method and performing the work, and Grimes and the county maintenance crew then erected the barriers and signs. We agree with appellant that these acts were comparable to those of the airport

manager in *Miree*, supra, whose acts in carrying out a directive from the Federal Aviation Administration were determined to be ministerial. The acts at issue here are distinguishable from those of the prison warden in *Price v. Owen*, 67 Ga. App. 58 (19 SE2d 529) (1942), and the school principal in *Hennessy*, supra, because in each of those cases the decision complained of involved rule making or deliberation concerning a matter that had been left to the supervision and control of the official at issue, whereas here appellees were carrying out a specific task which became necessary after the discretionary decision making body, the commission, made the decision to allocate county funds to close the bridge rather than repair it.

" 'Should the [county] decide when a street should be opened, closed, or repaired, or when a sewer should be built, it is clearly exercising legislative or judicial functions, but when it engages in the work of opening, closing, or repairing a street, or building a sewer, and is thus engaged in the physical execution of the work, it is evidently in the discharge of duties purely of a ministerial nature.' [Cit.] It follows that the actual progress of such work by a [county] is of a ministerial character, and that the duties of a road supervisor in carrying out the physical details of the work are likewise ministerial in nature. Likewise, the supervision and control by the road supervisor of a subordinate who is actually running the road machine are of the same character." *Mathis v. Nelson*, 79 Ga. App. 639, 642 (54 SE2d 710) (1949). Cf. *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (a) (290 SE2d 915) (1982) (replacement and maintenance of traffic signs is a ministerial act). Although Grimes' acts undoubtedly involved the exercise of some judgment in determining how large the barriers should be and where they should be placed, the execution of a specific task is characterized as ministerial even though the manner in which it is accomplished is left to the employee's discretion. *Miree*, supra at 773-774. Accordingly, appellees may be held liable if the evidence shows they negligently performed or supervised this work or that they had the duty to inspect the previously erected barricade but were negligent in the performance of this obligation, and summary judgment was thus not appropriate. See *Nelson*, supra at 337 (2) (a).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JUNE 22, 1990 — CERT. APPLIED FOR.

*Darroch & Obenshain, Robert M. Darroch, C. David Vaughan, Emory A. Wilkerson*, for appellant.
*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appel-

lees.