## A92A2427. THURMOND et al. v. RICHMOND COUNTY BOARD OF EDUCATION et al.

(428 SE2d 392)

BEASLEY, Judge.

On November 4, 1991, Thurmond, a six-year-old child, and her mother individually and as the child's natural parent and next friend, sued the Richmond County Board of Education; Lamback, the principal of an elementary school attended by the child; Jordan, the child's first-grade homeroom teacher; and Thomas, a physical education teacher employed by the school. Plaintiffs sought to hold the defendants liable for a sexual battery allegedly committed by Thomas upon the child in the girls' rest room at school.

Plaintiffs voluntarily dismissed Lamback, the principal, after motions for summary judgment were filed by him, the board, and Jordan. Plaintiffs appeal the trial court's grant of Jordan's motion for summary judgment, sought under general tort principles, as well as its grant of the board's motion for summary judgment, sought also on grounds of sovereign immunity which had not been waived through liability insurance. Although Thomas was acquitted of charges in a criminal trial (the transcript of which has been included in this record), that adjudication is not binding in this action.

Jordan allowed the child to go to the rest room unattended. According to affidavits executed by school teachers and officials, it is not now nor has it ever been school policy at this or other elementary schools to require students to be escorted by a teacher to the rest room, and, at this school, there were no prior molestations or similar incidents.

The complaint as amended makes no allegations specifically against the board. Plaintiffs allege that Jordan wilfully, wantonly, and negligently permitted the child to leave her class unescorted and go to the girls' rest room. Prior to dismissing him as a party defendant, plaintiffs alleged that Lamback was negligent in hiring Thomas in that he knew or should have known that Thomas was an unfit teacher and, because of his previous conduct at Warren County High School, had a proclivity or propensity to commit a sexual battery upon the child.

There is no evidence that Thomas committed any prior criminal or sexual offenses or exhibited any behavior evincing a propensity to commit such offenses. To the contrary, a school official's affidavit stated that pursuant to school policy the school board screened Thomas through the Georgia Criminal Investigation Center (GCIC) prior to hiring him, and the GCIC report on Thomas showed no criminal record. The affidavit of the principal of Warren County High School, where Thomas worked prior to obtaining employment with this elementary school, showed that he had given Thomas a poor rec-

ommendation for reasons having nothing to do with moral turpitude or sexual misconduct.

The board and Jordan moved for summary judgment on January 24, 1992. A hearing on these motions was scheduled for February 28, 1992, and on February 21 plaintiffs sought a continuance on grounds that they had not completed discovery; that six months had not elapsed since the filing of the answers by the board, Lamback, and Jordan on December 6, 1991, and by Thomas on December 13; and that they therefore had until June 13, 1992, to complete discovery under USCR 5:

"In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the filing of the answer. At any time, the court, in its discretion, may extend, reopen or shorten the time to utilize the court's compulsory process to compel discovery."

In the motion, plaintiffs stated they had not had the opportunity to take the depositions of Augusta Police Department officers who investigated this incident, two elementary school students familiar with Thomas' conduct, and two other assistant principals employed by the county board of education.[1]

The trial court denied the continuance at the hearing, which was unreported, but gave plaintiffs until March 16 to file responsive briefs and any other materials.

On March 16, plaintiffs filed an affidavit executed by the child in which she stated that no female student was to go to the rest room without being escorted by a teacher, that prior to the incident in this case Lamback had come into her classroom and told Jordan that if she did not start escorting girls to the rest room he was going to fire her, and that Jordan thereafter only went to the rest room with one girl or with the whole class before and after lunch.

By letter dated March 20, the trial court notified the parties that defendants' motions for summary judgment were granted, and counsel was asked to prepare the appropriate orders reflecting this decision.

Plaintiffs amended their complaint on March 25, to include a claim against all defendants under 42 USC § 1983, on grounds that they denied the child due process and equal protection rights.

On March 26, the order granting defendants' motions was filed as to the complaint as amended, including the amendment of March 25.

---

[1] The mother had executed an affidavit on February 20 in support of the motion, stating that due to the employment schedules of proposed affiants (undescribed), she did not have sufficient time in which to obtain affidavits and depositions so as to present facts essential to justify her opposition to defendants' motions for summary judgment.

1. Denial of the motion for continuance of the summary judgment hearing was not error. OCGA § 9-11-56 (b) permits the defendants to file such a motion "at any time." If a hearing is desired, at least 30 days from service of the motion must elapse before a hearing can be held, to give respondent time to file opposing evidence. These time considerations were honored in this case.

Rule 5 of the USCR does not conflict so as to prevent ruling on a motion for summary judgment until six months have passed, if the case is otherwise ripe for summary judgment. The rule governs the conduct of court-monitored discovery. It establishes a maximum six-month discovery period, measured from the filing of the answer. *Gray v. Whisenaut*, 258 Ga. 242 (368 SE2d 115) (1988). This expedites the disposition of cases, serving the constitutional mandate for rules which "provide for the speedy, efficient, and inexpensive resolution of disputes." 1983 Ga. Const., Art. VI, Sec. IX, Par. I. The court may, in the words of the Rule, change the time "in its discretion." Since it may "shorten" the time, discovery-seeking parties have no unalterable right to a six-month period.

In this case, the court was authorized to consider the potential effect on the motion for summary judgment of waiting until mid-June. Considering the nature of the complaint, the basis for the motion for summary judgment, the evidence of record, and the intended discovery still sought by plaintiffs, the refusal to go beyond March 16 for completion of the record for summary judgment purposes was not error. Plaintiffs did not demonstrate a need which, if the entire six months had been allowed, might have yielded a genuine issue of material fact so as to defeat summary judgment.

2. The trial court did not err in granting the board's motion for summary judgment on the ground of sovereign immunity.

"There is no question of governmental immunity of the board of education but there can be an issue as to whether such immunity extends to an agent of the board carrying out its duties in exercising custody and control over the school premises. [Cit.]" *Sisson v. Douglas County School District*, 181 Ga. App. 77, 78 (1) (351 SE2d 272) (1986).

Moreover, *Cook v. Colquitt County Board of Education*, 261 Ga. 841 (412 SE2d 828) (1992), held that a board of education is not a corporate body with the capacity to sue or be sued, that the only exception is where the legislature creates a school board by an act which gives the board such capacity, and that this rule was not changed by the provision in the 1983 Georgia Constitution that the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against any department or agency of the state for which liability insurance protection for such claim has been provided.

The board sought summary judgment on grounds that it had immunity and that liability insurance for plaintiffs' claim had not been provided by the board, as stated in response to plaintiffs' request for production of documents and in affidavits. It was entitled to summary judgment on these grounds. It did not seek summary judgment on the ground that it lacked the capacity to be sued.

3. Even though the governing body of a public agency such as a school board has sovereign immunity under state law, a § 1983 claim may be asserted against it. Such claim must be based upon acts which are in implementation of an intentional policy, adopted or ratified by the governing body, which acts work deprivation of a constitutional right. What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate. *Holloway v. Rogers*, 181 Ga. App. 11, 13 (2) (351 SE2d 240) (1986).

There are no allegations in plaintiffs' complaint that the board engaged in such action. Compare *Franklin v. Gwinnett County Public Schools*, 200 Ga. App. 20, 24 (1) (407 SE2d 78) (1991); *Stoneking v. Bradford Area School District*, 667 FSupp. 1088 (W. D. Pa. 1987).

We note that had the order granting summary judgment been entered before the amendment was filed to add the § 1983 claim, it would have been too late. See *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974).

4. The trial court did not err in granting Jordan's motion for summary judgment under general tort principles.

Under such, a defendant is not liable in tort to a plaintiff for a negligent act when a superseding criminal act by a third party is the cause of plaintiff's injuries, unless the defendant had reasonable grounds for apprehending that such criminal act would be committed. *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (2b) (349 SE2d 463) (1986); see generally *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985). Accordingly, *Doe v. Village of St. Joseph*, 202 Ga. App. 614, 616 (2) (415 SE2d 56) (1992), held that an employer may not be held liable for negligence in hiring an employee who has committed a crime upon another, unless the employer knew or should have known of the employee's criminal propensities.

As previously stated, there is no evidence of any prior behavior by Thomas exhibiting such criminal propensities, and plaintiffs do not even allege that Jordan had knowledge of the propensities claimed to exist.

In order for plaintiffs to hold Jordan liable in tort for a sexual battery upon the child by Thomas, they would thus have to show that Thomas had manifested such propensities, that Jordan had knowledge of them, that Jordan's allowing the child to go to the rest room

unescorted was at least a negligent breach of a duty of care owed to the child, and that a proximate causal relationship existed between Jordan's inaction and Thomas' act. If any of the parties referred to in plaintiffs' March 26 affidavit could have provided information that would enable plaintiffs to make a showing sufficient in these regards to withstand these defendants' motions for summary judgment, it was incumbent on plaintiffs to have at least obtained an affidavit from such party so stating. The affidavit of the child was insufficient to do so.

Given the allegations of the amended complaint, the other pleadings, and the evidence of record, we cannot say that the trial court erred in granting the board's and Jordan's motions for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1993.

*Watkins & Watkins, John D. Watkins*, for appellants.
*Hawk, Hawk & Lyons, Jacque D. Hawk, Fletcher, Harley & Fletcher, Leonard O. Fletcher, Jr., Dye, Tucker, Everitt, Wheale & Long, Duncan D. Wheale*, for appellees.