## A93A2565. PARKER v. WYNN.
### (438 SE2d 147)

BLACKBURN, Judge.

On March 8, 1991, the appellant, Christopher Parker, by next friend brought this action against the Harris County School District and James Wynn, alleging that Wynn's negligent supervision of a high school classroom resulted in a permanent injury to Parker's right eye. The trial court eventually granted summary judgment for the school district and Wynn on the basis of sovereign or official immunity, and Parker appeals from that grant of summary judgment for Wynn.

It appears from the record that Wynn was a teacher in charge of a senior physical education class at Harris County High School. On November 18, 1987, written examinations were being administered to senior and freshmen physical education classes in the school gym. As the students reported to the gym, Wynn stood at the doorway instructing them not to change clothing. When the tardy bell rang, Wynn went to his office to retrieve his roll book and the test papers. While he did so, one of the senior students threw pecans at a group of freshmen students, striking Parker's right eye.

Although the action in this case was filed after the 1991 amendment of Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, the cause of action accrued prior to the effective date of that amendment. Accordingly, the 1991 amendment of that constitutional provision regarding sovereign immunity is inapplicable here, and sovereign immunity could still be waived to the extent of any liability insurance provided. *Curtis v. Bd. of Regents &c. of Ga.*, 262 Ga. 226 (416 SE2d 510) (1992); *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985).

In moving for summary judgment, the school district established that it had not purchased liability insurance, and for that reason had

not waived its sovereign immunity. Wynn, however, was insured under a private liability insurance policy issued to the Professional Association of Georgia Educators. It is undisputed that his alleged negligent supervision of his class constituted a discretionary act performed in the exercise of his official capacity as teacher, involving no wilfulness, malice, or corruption, for which he would enjoy immunity in the absence of a waiver. See *Sisson v. Douglas County School District*, 181 Ga. App. 77 (351 SE2d 272) (1986). The sole issue in this appeal thus is whether Wynn's private liability insurance resulted in a waiver of that immunity otherwise available to him. We conclude that it did not.

Prior to the 1991 amendment of Art. I, Sec. II, Par. IX of the Georgia Constitution, the defense of sovereign immunity was waived for tort claims against the State or its departments and agencies to the extent of any liability insurance coverage provided for such claims. However, nothing in that former constitutional provision authorized *an individual* to waive sovereign immunity for either the State or himself by purchasing private liability insurance covering his acts.

"Immunity from suit is a basic attribute of *sovereignty*. The sovereignty of the State is supreme, and to maintain that sovereignty the supremacy must also be maintained. . . ." (Citation and punctuation omitted; emphasis supplied.) *Sikes v. Candler County*, 247 Ga. 115, 117 (274 SE2d 464) (1981). The immunity is vested in the sovereign, and assertion or waiver of that defense is the original prerogative of the sovereign, and not the individual. See, e.g., *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987) and *Swofford v. Cooper*, 184 Ga. App. 50 (360 SE2d 624) (1987), where the immunity defense was unavailable to State officials employed by departments of the State which had waived immunity by purchasing liability insurance.

"No action can be 'maintained against officials of the State in their official capacity without the consent of the State, for it is, in effect, a suit against the State. (Cits.)' *McCoy v. Sanders*, 113 Ga. App. 565, 570 (148 SE2d 902) (1966)." *Holloway v. Dougherty County School System*, 157 Ga. App. 251, 253 (277 SE2d 251) (1981). In the instant case, there being no waiver of immunity by the school district, this action against Wynn in his official capacity as agent of that entity is likewise barred by official immunity.

Parker contends that shielding Wynn with official immunity obviates his need for any private insurance and thus serves no purpose other than providing a windfall for the private insurance carrier in this case. However, notwithstanding the immunity he enjoys for claims based on his discretionary acts performed in the exercise of his official duties, Wynn remains subject to suit individually for his acts

done with wilfulness, malice, or corruption, or for his negligent performance of purely ministerial functions. *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980). Inasmuch as Wynn's private insurance protects him from that exposure, finding Wynn immune in this case does not bestow a windfall upon the private insurer.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Agnew, Schlam & Bennett, G. Michael Agnew*, for appellant.

*Lewis, Taylor & Lee, John M. Taylor, Jeffrey M. Todd*, for appellee.