A93A2162. DOE v. HOWELL.
. (441 SE2d 767)

COOPER, Judge.

Appellant, a minor child, filed an action against appellee, his second-grade teacher, for injuries suffered when appellant was sexually molested by another student in the class. The trial court granted appellee's motion for summary judgment and this appeal followed.

Viewing the evidence in favor of appellant as the opponent of the summary judgment motion, *Eiberger v. West,* 247 Ga. 767 (1) (281 SE2d 148) (1981), the record reveals that appellant was a student in appellee's second-grade class. On the day of the incident, the lights in the classroom were off because appellee was creating silhouettes for the students with the use of an overhead projector. One of the students in the classroom, J. F., received permission from appellee to go to the coat closet to get a pencil from his bookbag, and while he was in the closet, he told appellant to come into the closet with him. When appellant went into the closet, J. F. forced appellant to perform oral sex on him and then performed oral sex on appellant. Appellee was not aware that anything had happened in the classroom until the following day. Appellant alleged in his complaint that appellee failed to provide adequate care and supervision. Appellee responded and moved for summary judgment on the grounds that the sexual assault was not foreseeable and because she was entitled to sovereign immunity.

1. Appellant first contends that the trial court erred in granting summary judgment to appellee because the issue of foreseeability is a matter for jury resolution. We disagree. "Under [general tort principles], a defendant is not liable in tort to a plaintiff for a negligent act when a superseding criminal act by a third party is the cause of plaintiff's injuries, unless the defendant had reasonable grounds for apprehending that such criminal act would be committed. [Cits.]" *Thurmond v. Richmond County Bd. of Ed.,* 207 Ga. App. 437, 440 (4) (428 SE2d 392) (1993). There is no evidence that J. F. had a propensity to commit forced sexual acts and no evidence of any prior similar occur-

rence in appellee's classroom. Thus, there is no evidence that would support a finding that appellee knew or should have known that J. F.'s presence in her classroom subjected her students to an unreasonable risk of a sexual attack. See *Cooper v. Baldwin County School Dist.*, 193 Ga. App. 13 (1) (386 SE2d 896) (1989). Consequently, we find no merit to appellant's first enumeration of error.

2. Appellant's argument that appellee is not entitled to sovereign immunity because she is not a state employee must fail. The type of immunity invoked by appellee in support of her motion for summary judgment is official immunity rather than sovereign immunity. *Cooper v. Swofford*, 258 Ga. 143 (368 SE2d 518) (1988). " 'It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that "where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption." ' " (Emphasis omitted.) *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980). Appellant's argument that appellee's immunity was waived by the purchase of insurance is also without merit, because the record reveals that appellee's insurance was provided by a private rather than a governmental entity. See *Guthrie v. Irons*, 211 Ga. App. 502 (439 SE2d 732) (1993). Appellant also contends that the act giving rise to appellant's complaint constitutes a ministerial rather than a discretionary act. We disagree. The gravamen of appellant's argument is that appellee did not provide enough supervision of J. F. and thereby fostered an environment which allowed J. F. to assault appellant. A decision regarding the amount of supervision to provide in a classroom is discretionary, not ministerial. *Hennessy v. Webb*, supra; *Lewis v. McDowell*, 194 Ga. App. 429 (3) (390 SE2d 605) (1990). Accordingly, we find no error with the trial court's grant of summary judgment to appellee on the basis of official immunity.

*Judgment affirmed. Beasley, P. J., and Smith J., concur.*

DECIDED FEBRUARY 8, 1994 —
RECONSIDERATION DENIED MARCH 8, 1994.

*Cynthia W. Harrison*, for appellant.
*Arnold Wright, Jr.*, for appellee.