A95A2032. WRIGHT v. ASHE et al.
(469 SE2d 268)

BLACKBURN, Judge.

Eva Loletta Wright appeals the summary judgment entered against her claim for the wrongful death of her minor son that she brought against various officials in the Clayton County School District. Wright's son was killed in an automobile accident one morning while skipping school. Upon the defendants' motion, Judge William H. Alexander of the Fulton County Superior Court granted summary judgment against Wright's claim on the grounds of sovereign immunity and intervening cause. We affirm the trial court's decision, adopting in large measure the order granting summary judgment entered by Judge Alexander which follows.

During the summer of 1990, the Clayton County School District

offered its summer school program at North Clayton High School. Defendant James Lancaster was the principal of North Clayton High School. Defendant Richard Ashe, an assistant principal, oversaw the day-to-day operations of the summer school program. Defendants Winnie Anderson and Patricia Hunt were both teachers who taught during the 1990 summer school session.

Plaintiff's son, Daniel James Wright was enrolled as a student in the summer school program. Wright was scheduled to attend all three of the two-week summer school sessions. During the first session, Anderson was Wright's teacher. Wright skipped class several times during the first two-week session, and as a result, received a failing grade for the first session. Plaintiff was aware that Wright had skipped class several times during the first session. She even grounded him upon learning of his many absences.

On July 12, 1990, the fourth day of the second summer school session, Wright, James Wilson, Jr., and Charles Gossett decided to leave the school campus during a scheduled class break in violation of the school policies. Gossett drove them all in his truck to Burger King for hamburgers. Upon learning that Burger King was not serving hamburgers that early in the morning, Gossett began driving erratically in the restaurant parking lot, performing three "donuts." He then drove down a side street at approximately 65-70 mph and lost control of his vehicle. The truck struck a tree and Wright was killed. Gossett was later convicted of vehicular homicide.

Plaintiff filed the instant action on March 18, 1994, against the defendants for the wrongful death of her son. Plaintiff alleges that the defendants acted negligently and recklessly in failing to enforce the policies of the Clayton County School Board which resulted in the death of Wright. Thereafter, on August 29, 1994, the defendants filed the instant motion for summary judgment.

Defendants first contend that they are not liable to the plaintiff as a matter of law under the theory of official immunity. In support of this theory, defendants correctly point out that school employees are entitled to official immunity from their actions if those actions are within the scope of their employment, discretionary in nature, and without wilfulness, malice, or corruption. See *Guthrie v. Irons*, 211 Ga. App. 502, 504 (439 SE2d 732) (1993). However, a public official who fails to perform a purely ministerial duty is subject to an action for damages by one who is injured by his omission. Id. Defendants assert that the gravamen of plaintiff's complaint is that the defendants failed to adequately supervise Wright and his companions, thus allowing them to skip class and leave the school campus. Defendants contend that it is well established in Georgia law that the duty to supervise by school officials is discretionary, not ministerial. Id. at 506. Therefore, defendants argue that the doctrine of official immu-

nity bars this suit as a matter of law. Id. at 507.

Plaintiff, however, contends that in this case, the school board had established policies and rules which stated that students were not to leave the school premises, that parents were to be notified if the students failed to attend class, and restricted the students' use of motor vehicles on campus. Plaintiff alleges that the carrying out of these policies was a purely ministerial duty and one which the defendants failed to perform. Accordingly, plaintiff alleges that defendants are not protected by the doctrine of official immunity. In support of this proposition, plaintiff relies on *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990), cert. denied, 196 Ga. App. 908 (1990).

In the instant case, the issue is whether the defendants' acts were discretionary and therefore protected by official immunity, or ministerial and not shielded by official immunity. Generally, the determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis. See *Guthrie*, supra at 504.

Plaintiff argues that in this case the defendants failed to protect Wright by not properly enforcing the school policies and not preventing him from leaving the campus during the class break. Plaintiff alleges that the Clayton County School Board policies regarding such matters were in place that summer but were completely disregarded by both the administration and the teachers. However, the defendants produced contrary evidence which shows that the school officials were attempting to enforce the policies.

Additionally, plaintiff argues that the school board's policies required the defendants to carry out ministerial acts similar to those in *Joyce*, supra, where the court determined that the duty of erecting barricades after the county had made the determination that certain bridges were to be closed was purely ministerial in nature, and not discretionary. Relying on this argument, plaintiff contends that although creating the policies was a discretionary act by the school board, the simple implementation of the policies by the principals and teachers was ministerial in nature. This argument, however, was considered and rejected in *Guthrie*, supra.

As stated by the court in *Guthrie*, supra, the ministerial duty in *Joyce*, supra, "is not remotely comparable to the difficult task faced by the school principal and teacher in this case in supervising and controlling the activities of students, especially during a change in classes, when large numbers of students are moving from one location to another." *Guthrie*, supra at 506. As such, this Court finds that the plaintiff's argument is meritless.

The Georgia courts have consistently held that making decisions regarding the means used to supervise school children is a discretion-

ary function of the school principal. See *Guthrie*, supra; see also *Lewis v. McDowell*, 194 Ga. App. 429, 431 (390 SE2d 605) (1990). Additionally, the general task imposed on teachers to monitor, supervise, and control students has also been held to be a discretionary action which is protected by the doctrine of official immunity. See *Guthrie*, supra; see also *Doe v. Howell*, 212 Ga. App. 305, 306 (441 SE2d 767) (1994); *Parker v. Wynn*, 211 Ga. App. 78, 79 (438 SE2d 147) (1993). As such, upon review of the record, it appears that the defendants' acts in this case were discretionary in nature, not ministerial. Thus, they are entitled to the protection afforded by the doctrine of official immunity.

In the alternative, defendants contend that they are not liable to the plaintiff under the theory of intervening cause. This Court agrees with the defendants' contentions.

Generally, there are two distinct legal theories involved in the question of causation: direct and proximate cause. See *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 539 (439 SE2d 746) (1993) (Birdsong, J., dissenting). In regard to proximate cause, the question is not whether the defendants' conduct caused the injury, but whether the causal connection between the defendants' conduct and the injury resulting therefrom is too remote to be the basis of a recovery. Id. at 539-540. Even where the defendant is negligent, if other circumstances preponderate in causing the injurious effect, such damages are generally deemed too remote and contingent to justify a recovery. Id. Such questions of negligence, proximate cause, and lack of ordinary care for one's own safety are usually not proper for summary adjudication and instead must be resolved by a jury except in the most plain and palpable cases. See *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346) (1981).

In this case, the victim's injuries were directly caused by the criminal act of Gossett, a third party. Generally, an intervening criminal act of a third party, without which the injury would not have occurred, will also be treated as the proximate cause of the injury thus breaking the causal connection between the defendants' negligence and the injury unless the criminal act was a reasonably foreseeable consequence of the defendants' conduct. See *Wallace*, supra at 541.

In order to recover in this case plaintiff must show that not only were the defendants negligent in their supervision of the students, but that such negligence was the proximate cause of Wright's injuries. See *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (341 SE2d 250) (1986). "If the injuries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent

wrongful act or omission, if any, would not be the proximate cause of the injury complained of." Id. Additionally, if the injury complained of could not reasonably be anticipated as the probable result of the alleged act of negligence, then such act will be deemed to be either a remote cause or not cause of the injury sustained. Id.

In the instant case, in viewing the facts in the light most favorable to the plaintiff, even if the defendants were negligent in their supervision and monitoring of the students, such conduct on the part of the defendants did nothing more than give rise to the occasion which made Wright's injuries possible. Other unforeseeable circumstances, including the intervening criminal act of Gossett, preponderated in causing the injury to Wright. See *Thurmond v. Richmond County Bd. of Ed.*, 207 Ga. App. 437, 440 (428 SE2d 392) (1993). Thus, it appears that the defendants' conduct was, at best, a remote cause of the injuries sustained. See OCGA §§ 51-12-8; 51-12-9.

Accordingly, it appears that there are no genuine issues of material fact and that the defendants are entitled to summary judgment as a matter of law under both the doctrine of official immunity and intervening cause. See OCGA § 9-11-56 (c).

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as I do not believe the defendants are insulated from liability based on the doctrine of official immunity. I also believe that genuine issues of material fact remain as to the issue of proximate cause.

DECIDED FEBRUARY 6, 1996 — ▮▮▮▮▮▮▮

*Gary H. Brakefield,* for appellant.
*Weekes & Candler, Laura L. Lones, Gary M. Sams,* for appellees.