## A96A0241. KELLY et al. v. LEWIS et al.
(471 SE2d 583)

BEASLEY, Chief Judge.

This case involves a fatal shooting at a public high school. The Kellys are the grandparents of the deceased, Jaison Kelly, and the co-administrators of his estate. They appeal the trial court's order granting defendants Lewis and German's motion to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6).

Jaison was a high school student at Beach High School in Savannah. Lewis was its principal and German was a coach and teacher. While on his way to school one morning, Jaison was attacked by a gang of teenage boys, beaten, and shot once in the head allegedly by Aron Gilliam, a named defendant who is not a participant in this appeal. Jaison died from the gunshot wound almost a month after the incident.

The Kellys originally sued the Savannah-Chatham County Board of Education. The Board asserted the defense of sovereign immunity and moved for dismissal, OCGA § 9-11-12 (b) (6), or alternatively for judgment on the pleadings, OCGA § 9-11-12 (c). The Kellys then moved to add Lewis and German as defendants, which the trial court allowed; it granted the Board's motion to dismiss, which is not appealed.

The Kellys' amended complaint alleged that Lewis and German were aware of the risks of violent crime to the students and failed to take appropriate steps to safeguard Jaison against such risk in that they failed to provide adequate supervision for arriving students, resulting in the attack on Jaison; failed to exercise ordinary care in conducting their ministerial duties; failed to carry out or enforce rules requiring school personnel to provide security and to monitor students in the area where Jaison was beaten and shot; failed to provide adequate security despite knowledge of criminal activity; failed to exercise ordinary care to protect the students in their care, custody and control; and failed to secure the high school to prevent unauthorized persons from coming on the campus. The Kellys also alleged the Board of Education had promulgated rules, policies and procedures requiring that school personnel be present at the entrance of the school to insure safe arrival of students and that Lewis and German failed to follow these rules to insure the safe entry of students.

The Kellys further alleged that Lewis as principal of the high school failed to have a posted duty roster identifying those persons in charge of monitoring the entry of students, designate the individuals

responsible for monitoring safe entry of students, and insure that school personnel were present at the front of the school to monitor the arrival of students. They alleged that German failed to be present at the front of the school to insure the safe entry of the students in accordance with his duties to insure that other individuals were present to insure safe arrival of the students and to review any duty roster posted to insure whether it was his responsibility to monitor the arrival of students.

The Kellys enumerate three perceived errors but each turns on whether the trial court erred in concluding as a matter of law that the acts or omissions allegedly committed by Lewis and German were discretionary rather than ministerial in nature, and in then dismissing the complaint on the basis of the defendants' official immunity.

In determining whether to grant a motion to dismiss, the court must construe the pleadings in the light most favorable to the non-movant, with all doubts resolved in the non-movant's favor, even though unfavorable constructions are possible. Dismissal may only be granted if the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 370 (1) (174 SE2d 884) (1970).[1]

A 1991 amendment to the 1983 Georgia Constitution, found in Art. I, Sec. II, Par. IX (d), is the current source of official immunity. The Supreme Court, in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994), explained the basis of official or qualified immunity and that its scope covered discretionary acts (unless wilful, wanton, or outside the scope of the defendant's authority) but *not* negligent ministerial acts. Id. at 750 and 752. It stated that this type of shield from personal liability "does provide immunity for the negligent performance of discretionary acts, which is consistent with prior law. This interpretation comports with the purpose of providing immunity from personal liability to government employees who work in positions where they make policy or exercise discretion." Id. at 753 (6). See also *City of Atlanta v. McKinney*, 265 Ga. 161, 166 (454 SE2d 517) (1995).

The Kellys allege that the trial court erred in granting the motion to dismiss where the face of the complaint alleged that the acts or omissions of Lewis and German were ministerial, even

---

[1] Although the trial court and the parties discussed the case under the standard utilized for judgment on the pleadings as well as for a motion to dismiss, the court in fact granted the motion to dismiss and entered judgment for the defendants. The standard for each is similar. See *ALW Marketing Corp. v. McKinney*, 205 Ga. App. 184, 186 (421 SE2d 565) (1992).

though the trial court acknowledged that, for purposes of deciding the motion, the correct legal standard required the Kellys' allegations be accepted as true. The standard only requires that *factual* allegations be construed favorably toward the Kellys. The determination of whether the acts or omissions of Lewis and German were ministerial or discretionary is a legal question for the court. See, e.g., *Gilbert*, supra.

In making its determination, the trial court relied on *Guthrie v. Irons*, 211 Ga. App. 502, 506 (2) (439 SE2d 732) (1993), where we reiterated prior holdings "that making decisions requiring the means used to supervise school children is a discretionary function of a school principal,"[2] and that the teachers' task to monitor, supervise, and control students is a discretionary action protected by the doctrine of official immunity. The Kellys attempt to distinguish *Guthrie* as turning on the principal's negligent performance of duties that included an element of judgment or discretion, while this case involves defendants' complete failure to follow the Board rules.

We rejected a similar argument in the recent case of *Wright v. Ashe*, 220 Ga. App. 91 (469 SE2d 268) (1996), in which plaintiff's son was killed in an automobile accident one morning while he was skipping school. As in this case, the plaintiff distinguished *Guthrie* by arguing the school board had established policies and rules requiring the students not to leave the school premises. She maintained that carrying out these policies was a purely ministerial duty, one which the defendant principals and teachers failed to perform. Accordingly, she argued that official immunity would not protect the defendants since the school board's policies required the defendants to carry out ministerial acts such as those in *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990). In that case, we held that the duty to erect barricades after the county had determined that certain bridges were to be closed was a purely ministerial task. We affirmed summary judgment to the defendants in *Wright*, reiterating an observation from the *Guthrie* decision that we find applicable in this case: "[T]he ministerial duty in *Joyce*, supra, 'is not remotely comparable to the difficult task faced by the school principal and teacher in this case in supervising and controlling the activities of students. . . .' *Guthrie*, supra at 506." *Wright*, supra at 93. See also *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995); *Doe v. Howell*, 212 Ga. App. 305, 306 (2) (441 SE2d 767) (1994).

" 'A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act,

---

[2] Certain other language in *Guthrie* was disapproved in *Gilbert*, supra at 750 (4).

however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' [Cit.]" *Joyce*, supra at 96. The Kellys argue that because German was required to merely stand in front of the school as a "presence," and not to "monitor" the situation, he was executing a specific duty, and the task was thus ministerial. When he failed to appear for his assigned duty in front of the school, he was negligent in exercising this ministerial duty.

The trial court considered this argument to be an elevation of form over substance, noting that under the Kellys' analysis, the violation of a rule that requires a discretionary act be performed would be classified as ministerial until performance was actually undertaken. We agree and affirm its view that the complete failure to perform a discretionary act is the same as the negligent performance of that act for the purposes of determining whether such action was discretionary or ministerial. The need to preserve independence of action without deterrence or intimidation, spoken of in *Gilbert*, supra at 750, includes the decision where best to direct attention at any particular moment to insure the orderly and secure movement of students, as recognized in *Guthrie*, supra at 505. Thus, dismissal was required.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 23, 1996 — 

*Donaldson, Herndon, Bell & Metts, Thomas R. Herndon*, for appellants.

*Karsman, Brooks & Callaway, Donald C. Bowman, Jr.*, for appellees.