A97A0160. LARKINS v. COBB COUNTY SCHOOL DISTRICT et al.
(484 SE2d 10)

BLACKBURN, Judge.

Cheryl Larkins appeals the trial court's order which granted summary judgment based upon official immunity to Grace Calhoun, the superintendent of the Cobb County school system, and Linda Gruehn, the principal of Baker Elementary School.[1] See Ga. Const., Art. I, Sec. II, Par. IX.

Larkins averred she was injured when she tripped and fell over an electrical receptacle in the cafeteria of Baker Elementary School. Larkins was volunteering at a school sponsored carnival at the time of her fall. She further averred that the receptacle was normally under a refrigerated case, but the case had been moved for the carnival. Although no evidence was produced to prove who actually moved the refrigerated case, Larkins alleged in her complaint that defendant Gruehn was responsible for moving it.

"[S]chool employees are entitled to official immunity from their actions if those actions are within the scope of their employment, discretionary in nature, and without wilfulness, malice, or corruption. See *Guthrie v. Irons,* 211 Ga. App. 502, 504 (439 SE2d 732) (1993). However, a public official who fails to perform a purely ministerial duty is subject to an action for damages by one who is injured by his omission." *Wright v. Ashe,* 220 Ga. App. 91, 92 (469 SE2d 268) (1996).

Larkins contends that the defendants negligently performed their ministerial duties associated with the carnival, thus causing

---

[1] Although the trial court granted summary judgment to all defendants, Larkins enumerates as error only the trial court's determination as to Calhoun and Gruehn. Therefore, the trial court's grant of summary judgment to the Cobb County school district and the Cobb County Board of Education is not before us on appeal.

her fall. The trial court determined that Calhoun and Gruehn were immune from suit based upon constitutional immunity. Such a determination necessarily requires a finding that the defendants' actions were discretionary in nature. Therefore, the issue on appeal is whether the trial court correctly determined that defendants' actions were discretionary rather than ministerial.

"Generally, the determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis." Id. at 93. In the present case, Larkins admits that the act of approving the use of the school for the carnival was a discretionary act. Yet, she contends that her injuries were caused by actions taken to set up the school for the carnival, or ministerial actions. Larkins relies on *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990) for support, arguing that moving the refrigerated case was a ministerial function. However, we find such reliance misplaced.

In *Joyce*, supra, the acts of county workers in carrying out a directive to close certain bridges were found to be ministerial because they were executing a specific task. Id. at 97. In the present case, there is no evidence of any directive to accomplish anything with regard to the carnival. The PTA was merely allowed to use school property for a carnival benefiting the students.

Larkins alleges that the defendants were negligent in failing to take necessary measures to correct a dangerous condition. Such allegations are controlled by *Hennessy v. Webb*, 245 Ga. 329, 332 (264 SE2d 878) (1980), wherein our Supreme Court determined that allegations of negligence regarding the placement of a rug and mat in a school doorway were allegations regarding the exercise of discretion by those in charge. Therefore, governmental immunity attached. Id. Likewise, in the present case, the school officials' actions in monitoring the activities associated with the carnival were discretionary, and the trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 24, 1997 —
RECONSIDERATION DENIED MARCH 12, 1997 —

*Scheer & Elsner, Robert A. Elsner*, for appellant.
*Smith, Howard & Ajax, Matthew G. Moffett*, for appellees.