### A90A2088. GREGORY v. CARDENAZ et al.
(402 SE2d 757)

CARLEY, Judge.

In their capacities as Richmond County Deputy Sheriffs, appellee-defendants undertook the investigation and report of a vehicular collision wherein a stop sign had been knocked down. Subsequently, appellant-plaintiff was injured in a vehicular collision at the same intersection where the earlier collision had occurred. Appellant brought suit, alleging that appellees had been "concurrently and jointly negligent in failing to secure, monitor, report and replace the . . . downed stop sign." The trial court granted summary judgment in favor of appellees "on the basis of sovereign and official immunity" and appellant appeals from that order.

"[W]here there is a formal self-insurance plan or a policy covering official acts of a public official, sovereign immunity is waived. However, where there is no self-insurance fund [or a policy], the distinction between ministerial and discretionary acts is still viable in ruling on immunity for public officials for liability for their negligent acts." *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990). There is no contention by appellant that *Logue* is not otherwise controlling authority with respect to the issue of waiver of sovereign immunity. "Accordingly, the issue presented for our consideration is whether [appellees'] actions were discretionary or ministerial." *Lewis v. McDowell*, 194 Ga. App. 429, 431 (3) (390 SE2d 605) (1990).

" 'A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclu-

sions, and acting on them in a way not specifically directed.' [Cits.]" *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). In opposition to certain evidence which would show that appellees were invested with a degree of discretion in determining how to respond to a downed stop sign, appellant provided no evidence showing that appellees had any absolute and definite duty in that regard. Compare *Nelson v. Spalding County*, 249 Ga. 334, 336 (2a) (290 SE2d 915) (1982); *Joyce v. Van Arsdale*, supra. Since the evidence of record shows that appellant seeks to recover for the negligent performance of a discretionary act rather than a ministerial function, the trial court correctly granted summary judgment in favor of appellees. "[T]he law does not generally grant discretion to a public employee to act negligently. The discretionary act rule deals not with the act of negligence. The rule grants immunity to public employees who perform discretionary acts in a negligent manner. That [allegedly] happened here. The decision [with regard to *how* to respond to a downed stop sign] lay within [appellees'] discretion. [They] exercised this discretion. The fact that [they may have done] so negligently does not place [them] outside the rule. To say that it did would render the rule meaningless." *Logue v. Wright*, supra at 207-208 (1).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 11, 1991 —
REHEARINGS DENIED FEBRUARY 25, 1991 —

*William R. McCracken*, for appellant.
*Lee, Smith, Thompson, Black & Scheer, Larry I. Smith, Burnside, Wall & Daniel, James W. Ellison*, for appellees.