**Michael MARION, Plaintiff,**

v.

**DeKALB COUNTY, GEORGIA; Doyle Shaw; and L.F. Scott; Defendants.**

Civ. No. 1:91–CV–1858–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 31, 1993.

Kenneth L. Shigley, Atlanta, GA, for plaintiff.

Albert Sidney Johnson, Johnson & Montgomery, Atlanta, GA, Melinda J. Bruley White, Office of DeKalb Co. Atty., Decatur, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on defendants' motion for summary judgment [# 18–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' motion for summary judgment should be granted. Accordingly, the Court grants defendants' motion for summary judgment.

### A. Facts

Plaintiff alleges that on or about December 14, 1989, defendants promulgated a purchase requisition requesting bids for the replacement of the roof of a pulverization plant. On January 19, 1990, plaintiff Michael Marion, an employee of the Apollo Roofing Company, went with his immediate supervisor to the plant to assist in the preparation of a bid. While plaintiff was walking on the roof of the plant, he fell through the roof and sustained injuries.

Plaintiff's claims against defendant DeKalb County ("the County") are state law tort claims for nuisance and negligence. Plaintiff alleges that the County's maintenance of the roof constituted a nuisance and that the County was negligent in failing to warn plaintiff of the alleged dangerous condition of the roof. Plaintiff further contends that defendants Shaw and Scott negligently promulgated the request for bids by failing to include a warning in the request or by otherwise warning plaintiff.

The County and its employees do not have any liability insurance coverage with respect to plaintiff's claim. The County also does not have a self-insurance fund to pay for the general liability of itself or its employees.[1]

Defendants have moved for summary judgment on several grounds. Defendants first assert that the County is not liable for a nuisance if the alleged nuisance does not constitute the taking of property. Defendants also claim that even if the County were liable, plaintiff cannot show the essential elements of a nuisance claim. Defendants lastly contend that sovereign immunity bars plaintiff's negligence claims against all of the defendants.

---

1. The facts stated above are based upon plaintiff's complaint and defendants' statement of material facts. Plaintiff did not respond to defendants' statements of material facts and, therefore, defendants' statements are deemed to be admitted. N.D.Ga. R. 220–5(b)(2).

B. *The Standard for Summary Judgment*

■ Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

■ The movant bears the initial responsibility of asserting the basis for his motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Apcoa, Inc. v. Fidelity National Bank*, 906 F.2d 610, 611 (11th Cir.1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" . and present competent evidence[2] designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of*

material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

■ A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. *Id.* at 248, 106 S.Ct. at 2510. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' "[3] *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of *every* element material to that party's case so as to create a genuine issue for trial.

C. *Discussion*

1. Plaintiff's Nuisance Claims

■ Defendant DeKalb County first maintains that it may not be held liable for a nuisance that does not amount to the taking of property. Counties are generally immune from suits based upon nuisance claims. *DeKalb County v. Orwig*, 261 Ga. 137, 402 S.E.2d 513 (1991). The Supreme Court of Georgia has held, however, that the Constitution of Georgia provides for a waiver of sovereign immunity where a county creates a nuisance that amounts to an inverse condemnation. *Duffield v. DeKalb County*, 242 Ga.

---

**2.** The non-moving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. *See Ross v. Bank South*, 837 F.2d 980, 999 (11th Cir. 1988).

**3.** This standard mirrors the standard for a judgment as a matter of law (previously called a

directed verdict) at trial. The question under each is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 250–52, 106 S.Ct. at 2511–12.

432, 433, 249 S.E.2d 235 (1978). "[C]ertain negligence suits for injunction and damages [may] be maintained against a county under the constitutional provisions against taking or damaging private property for public purposes." *Id.* Municipalities, on the other hand, "are liable for the full range of damages actually incurred by the victim of a 'nuisance.'" *Orwig,* 261 Ga. at 141, 402 S.E.2d 513 (Weltner, J., dissenting).

In his brief in response to defendants' motion for summary judgment, plaintiff does not contend that the nuisance alleged in this case amounted to an inverse condemnation, and the Court holds that plaintiff concedes that issue. Plaintiff instead argues that Georgia law violates the Equal Protection Clause of the United States Constitution. U.S. CONST. amend. XIV, § 1. Plaintiff alleges that in Georgia, the right of citizens to recover damages resulting from a nuisance created by a local government varies dramatically based upon whether a county or a city is responsible for the nuisance. He maintains that if the local government is a municipality, an injured citizen may recover full compensation for all damages to person and property. If the local government is a county, however, the citizen may recover nothing for injury to his person and may recover only for a loss of market value in real property.

Both defendant DeKalb County and plaintiff state that the appropriate constitutional test to determine if the different treatment violates the equal protection clause is whether the classification is "rationally related to a legitimate state purpose." *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). The policy that allows a difference between municipality liability and county liability is an example of economic regulation—an effort to apportion economic burdens. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 83, 98 S.Ct. 2620, 2635, 57 L.Ed.2d 595 (1978). The apparent purpose of the provision is to protect the assets of the county governments. *See Id.*

Georgia municipalities are chartered by the legislature as corporations. O.C.G.A. § 36–31–1 (1987). The area within the proposed municipal boundary must meet certain minimum standards. For example, the proposed area must have a population of at least 200 persons per square mile, O.C.G.A. § 36–31–3 (1987), and must be so developed that at least 60 percent of the total number of lots and tracts in the area at the time of incorporation are used for residential, commercial, industrial, institutional, or governmental purposes, O.C.G.A. § 36–31–4 (1987).

Counties, however, are subdivisions of the state and are "merely convenient modes by which the state governs the people." *Millwood v. DeKalb County,* 106 Ga. 743, 32 S.E. 577 (1899). The constitutional reservation of sovereign immunity to the state is a constitutional reservation of sovereign immunity to the counties of the State of Georgia. *Toombs County v. O'Neal,* 254 Ga. 390, 330 S.E.2d 95 (1985). Georgia code section 36–1–4 provides: "A county is not liable to suit for any cause of action unless made so by statute." O.C.G.A. § 36–1–4 (1987). The state has not chosen to allow citizens to sue a county for nuisances.

Municipalities and counties are significantly different entities. The Georgia Supreme Court explained:

> Counties are subdivisions of the state government to which the state parcels its duty of governing the people. They are local, legal, and political subdivision of the state, created, organized, and existing for civil and political purposes, particularly for the purpose of administering locally the general powers and policies of the state. On the other hand, municipalities are creatures of the legislature, and their existence may be established, altered, amended, enlarged or diminished, or utterly abolished by the legislature.

*Miree v. United States,* 242 Ga. 126, 249 S.E.2d 573 (1978) (quoting, *Troup County Elec. Membership Corp. v. Ga. Power Co.,* 229 Ga. 348, 191 S.E.2d 33 (1972)). All land in Georgia is in a county, but the legislature has only made parts of counties municipal corporations. Once an area obtains the status of municipal corporation, it acquires increased responsibility for nuisance claims. While counties are shielded from many nuisance claims, municipalities are not.

The Court concludes that decision to protect counties from such claims while not protecting municipalities does not violate the equal protection clause. Since a municipality must meet certain criteria at the time the legislature charters it, it may be better able to pay a broad spectrum of nuisance claims. The legislature may also change a municipalities' liability by amending its charter. Protections for counties, however, are rationally related to a legitimate state purpose—preserving the resources of a division of the state government.

The Georgia Supreme Court in *Bowen v. Columbus, Georgia*, 256 Ga. 462, 463, 349 S.E.2d 740 (1986), in fact, summarily dismissed the idea that an equal protection violation under the Georgia Constitution occurred when citizens in unincorporated parts of a county were not similarly situated to those in municipalities in their ability to bring suit against their government. Likewise, this Court holds that plaintiff's equal protection rights under the United States Constitution have not been violated and grants summary judgment for the County on plaintiff's nuisance claim.

### 2. Plaintiff's Negligence Claims against the County

Plaintiff also asserts negligence claims against defendant DeKalb County and defendants Shaw and Scott. Defendant DeKalb County asserts that it is not liable for actions of negligence under the 1983 Constitution of Georgia. See GA. CONST. 1983, art. I, § 2, ¶ IX. The County maintains that the constitutional provision guarantees the sovereign immunity of the state and its political subdivisions, including counties. *Toombs County v. O'Neal*, 254 Ga. 390, 330 S.E.2d 95 (1985). The County also points to the statutory provision providing that: "A county is not liable to suit for any cause of action unless made so by statute." O.C.G.A. § 36–1–4 (1987).

The County notes that it could have waived its sovereign immunity under the 1983 constitution to the extent of any liability insur-

ance that it maintained. The County, however, claims that it had no insurance for plaintiff's claims, and plaintiff has conceded that the County had no insurance. N.D.GA. R. 220–5(b)(2). Because a county is immune from negligence suits under Georgia law, *Hennessy v. Webb*, 245 Ga. 329, 264 S.E.2d 878 (1980), the Court concludes that summary judgment is appropriate as to plaintiff's negligence against the County.[4]

### 3. Plaintiff's Negligence Claims against the Individuals

Plaintiff does argue in his response to defendants' motion for summary judgment that the negligence claims against the individual defendants are valid. Plaintiff sued defendants Shaw and Scott for performing their duties as Director of Purchasing and Contracting and Associate Director of Public Works and Sanitation, respectively, in promulgating requests for bids in a negligent manner and thereby causing injury to plaintiff, and he contends defendants are liable for those acts.

The discretionary acts of public employees are protected by the doctrine of official immunity. *Hennessy*, 245 Ga. at 332, 264 S.E.2d 878. The Supreme Court of Georgia has observed that:

It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well-established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority and without wilfulness, malice or corruption. These

---

4. The Court also notes that plaintiff did not respond to defendant DeKalb's motion for summary judgment on this issue in his brief and, therefore, it appears he abandoned the assertions.

discretionary acts lie midway between judicial and ministerial ones.

*Id.* at 331, 264 S.E.2d 878.

Defendants contend that Shaw and Scott were engaged in discretionary duties when plaintiff was injured and that they are immune from suit. Whether the act of an official is discretionary or ministerial is a question of law. *Hiers v. Barwick,* 262 Ga. 129, 414 S.E.2d 647 (1992) (Hunt, J., dissenting). The Georgia Court of Appeals has held:

A ministerial act is commonly one that is simple, absolute and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

*Joyce v. Van Arsdale,* 196 Ga.App. 95, 96, 395 S.E.2d 275 (1990).

The Georgia courts have held in many situations that the acts of officers were discretionary. In *Gregory v. Cardenaz,* 198 Ga. App. 697, 402 S.E.2d 757 (1991), the Court of Appeals held that police officers who encountered a stop sign downed by an accident acted with discretion in determining how to respond to the downed stop sign and were therefore immune to suit. Likewise, in *Peele v. Dobbs,* 196 Ga.App. 684, 396 S.E.2d 600 (1990), the Court of Appeals held that a building inspector acted in his discretionary capacity when he inspected and approved the construction of a chimney that later caused an injury. The Georgia Supreme Court also held that a police officer violating the law by answering a call without turning on his blue lights or his siren acted within his discretionary capacity and was immune to suit. *Logue v. Wright,* 260 Ga. 206, 392 S.E.2d 235 (1990).

Here, defendants Shaw and Scott promulgated a purchase requisition requesting bids from roofing contractors for the new roof on the plant. Plaintiff asserts that defendants should have included a warning pertaining to the condition of the roof in the bid invitation or told plaintiff and his company that the roof had deteriorated.

The Court holds that the manner in which Shaw and Scott decided to issue bids for roofing the plant is a discretionary decision. Like the police officers who made a decision concerning the downed stop sign, defendants made a determination as to how to operate their bidding procedures. *See Gregory,* 198 Ga.App. at 697, 402 S.E.2d 757. Defendants' acts involved the "exercise of personal deliberation and judgment." *Joyce,* 196 Ga.App. at 96, 395 S.E.2d 275. Defendants acts were not "simple, absolute and definite," and they did not merely execute a specific duty. *Id.* Accordingly, the Court concludes that summary judgment is appropriate as to plaintiff's negligence claims against defendants Shaw and Scott.

### Conclusion

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment [# 18–1].

SO ORDERED.