A93A2509. JOHNSON v. RICE.
(440 SE2d 81)

McMURRAY, Presiding Judge.

Betty Johnson (plaintiff) brought an action against Robert Rice (defendant) for personal injuries she allegedly sustained while removing debris, salvaging and clearing damaged property in her store precipitated by defendant's negligent operation of an automobile. The evidence adduced upon defendant's motion for summary judgment reveals that defendant drove a car into plaintiff's grocery store and disabled several of the store's food refrigeration units; that plaintiff strained her shoulder while attempting to save goods exposed to spoilage after the collision and that, about a month after the collision, plaintiff injured the same shoulder while cleaning rain water from an area of the store damaged during the collision.

The trial court granted defendant's motion for summary judgment, finding that defendant's negligence was not a proximate cause of plaintiff's injuries. This appeal followed. *Held*:

" 'In order to recover in this case it must be made to appear, that not only was the defendant negligent in one or more of the ways alleged in the petition, but also that such negligence, if any, resulted in, as the proximate cause thereof, the injuries complained of. If the inju-

---

ries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom, but from the interposition of some independent unforeseen cause, the defendant's such antecedent wrongful act or omission, if any, would not be the proximate cause of the injury complained of. If the injury could not be reasonably anticipated as the probable result of an act of alleged negligence, such act is either a remote cause or no cause.

" 'It is stated in *Logan v. Cincinnati &c. R. Co.* (Ky. App.), 129 S.W. 575, 577, as follows: " 'A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.' Thompson on Negligence, § 2." ' *Whitaker v. Jones, McDougald, Smith, Pew Co.*, 69 Ga. App. 711, 715 (26 SE2d 545)." *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (3) (341 SE2d 250).

In the case sub judice, it is our view that defendant's alleged negligence was not a proximate cause of plaintiff's injuries. Plaintiff injured her shoulder while doing manual labor after the accident. Defendant's conduct in driving an automobile into plaintiff's grocery store could have done nothing more than give rise to the occasion which made plaintiff's injuries possible. Consequently, defendant's conduct was, at most, a remote cause of plaintiff's injuries.

The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 19, 1994.

*Richard G. Smith*, for appellant.

*Tisinger, Tisinger, Vance & Greer, J. Branson Parker*, for appellee.