A04A1369. JACKSON v. REAL PROPERTY SERVICES CORPORATION.
(602 SE2d 356)

ANDREWS, Presiding Judge.

Lashanta Jackson sued her landlord, Real Property Services Corporation, after her son, Jarvis Jackson, was injured when a friend pulled back the antenna of a car in the parking lot of the apartment where they lived. The trial court granted summary judgment to the defendant and Jackson appeals, asserting that material issues of genuine fact remain. For reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to summary judgment as a

---

[19] (Citation and punctuation omitted.) *Lynn v. State*, 236 Ga. App. 600, 604 (3) (512 SE2d 695) (1999).

matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Jarvis Jackson testified that he was injured when a friend pulled back the antenna of a parked car and let it go, striking Jarvis in the eye. The two boys were not playing on, in, or near the car. Instead, they were walking past the car on the way to Jarvis's house. Mrs. Jackson testified that the car was inoperable at the time of the accident because its tires were flat; she did not know how long it had been in that condition. She never saw children playing around this car before and Jarvis never played or saw other children playing on this car. Jackson did not consider the car dangerous before her son was injured.

Jackson further testified that, at some point before Jarvis's injury, the management for the apartment complex sent a letter requiring that all abandoned cars be removed within "78" hours.[1] Jackson's lease with the defendant provided that: "No type of non-operative vehicle will be permitted within the complex. . . . Any vehicle violating the above will be removed by management at Resident's expense."

Jackson asserts the trial court should not have granted summary judgment because she is entitled to recover under both attractive nuisance and premises liability theories. The attractive nuisance doctrine requires evidence that the injury was caused by an artificial condition upon land that poses an *unreasonable* risk of death or bodily harm to children. *Gregory v. Johnson*, 249 Ga. 151, 154-155 (289 SE2d 232) (1982). A recovery under a premises liability theory requires proof of a hazard that exposes invitees to "an *unreasonable risk* of harm." (Footnote omitted.) *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003). In this case, a jury could not infer from the evidence in the record that the parked car created an *unreasonable* risk of harm to children. Moreover, the landlord's failure to remove the car from the parking lot as allowed by the lease was not the proximate cause of Jarvis's injury.

> A prior and remote cause [cannot] be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was

---

[1] Jackson asserts in her brief to this Court that a copy of this memorandum was attached to her affidavit in the trial court and that it is unclear whether the state court clerk's office copied this memo for inclusion in the record on appeal. No such memo appears in the record before us and Jackson has not moved to supplement the record to include it.

made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.

(Citations and punctuation omitted.) *Johnson v. Rice*, 211 Ga. App. 687, 688 (440 SE2d 81) (1994). Here, the car posed no danger, but for the action of the other child in pulling back the antenna.

For these reasons, we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Miller and Phipps, JJ., concur.*

DECIDED JULY 22, 2004.

*Reynolds & McArthur, Katherine L. McArthur, Charles M. Cork III*, for appellant.

*Hollowell, Foster & Gepp, Gary W. Diamond*, for appellee.