A06A0050. SWEENEY v. BRANIGAR PROPERTIES, INC. et al.
(627 SE2d 409)

ADAMS, Judge.

Donald Sweeney sued Branigar Properties, Inc., Branigar Organization, Inc., The Landings Association, Inc., and The Landings Company, Inc. for damages resulting from the enactment of a restrictive covenant requiring property owners in The Landings, a high-end residential subdivision in Savannah, to pay a transfer fee of one percent when they sold their property. All of the defendants moved for summary judgment on various grounds, and the trial court granted summary judgment to Branigar Properties, Inc. and Branigar Organization, Inc. ("Branigar").[1]

In *Duffy v. The Landings Assn.*, 245 Ga. App. 104, 106 (536 SE2d 758) (2000), we addressed the same transfer fee covenant at issue in this case, and held that it was ineffective because it was not recorded three years before its effective date as required by the original General Declaration of Covenants and Restrictions running with the land in the subdivision. This holding was grounded on our conclusion that a Supplemental Declaration to the covenants filed by Branigar Organization, Inc. in 1996, which eliminated the three-year delayed effective date requirement in the original covenants, was also ineffective. Id.

Sweeney asserts in this suit that Branigar is liable to him for damages resulting from the enactment of the transfer fee covenant, even though Branigar did not create or enact this covenant. The record shows that Branigar's co-defendant, The Landings Association, Inc., successfully submitted the covenant creating the transfer fee to the property owners for a vote, and that The Landings Company

---

[1] The appellees assert in their brief that the trial court has not yet ruled on the other defendants' motions for summary judgment.

collected the transfer fee. Sweeney contends that Branigar is none-theless liable for transfer fee damages, because Branigar made the preceding covenant change eliminating the three-year delayed effective date.

We disagree. In order to recover from Branigar, Sweeney must show that Branigar's conduct was the proximate cause of his damages.

> A prior and remote cause [cannot] be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.

(Citations and punctuation omitted.) *Johnson v. Rice*, 211 Ga. App. 687, 688 (440 SE2d 81) (1994). See also *Jackson v. Real Property Svcs. Corp.*, 268 Ga. App. 675, 676-677 (602 SE2d 356) (2004). In this case, Branigar's conduct with regard to the elimination of the delayed effective date did nothing more than furnish the condition that made it possible for the other defendants to collect the transfer fee without a three-year delay. The enactment of the transfer fee covenant and the immediate collection of transfer fees was the proximate cause of Sweeney's damages, not the earlier enactment of a covenant eliminating the delayed effective date requirement.

Because Branigar's conduct was not the proximate cause of Sweeney's damages, we affirm the trial court's grant of summary judgment to Branigar.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 20, 2006.

*Duffy & Feemster, Matthew M. Bush*, for appellant.
*Bouhan, Williams & Levy, Todd M. Baiad*, for appellees.